MARTHA ANN LOYD, Wife, &c., v. J. J. MORTEE et al.—WM. BAGLEY et al., Warrantors.

In a petitory action, if the title set up by defendant has a common origin with that of the plaintiff, the defendant cannot allege the nullity of plaintiff's title.

APPEAL from the District Court of the Parish of St. Tammany, *Wilson, J. Penn & Martin*, for plaintiff. *A. Hennen*, for defendant. *Jessee R. Jones*, for warrantors, appellants.

COLE, J. This is an action to rescind the sale of the slave *Mary* and her children, born since the sale, on the ground of the minority of plaintiff, *Martha Ann Loyd*, at the date of the sale; and also for the value of their services since the majority of plaintiff.

It appears that on the 30th May, 1829, *John L. Goodbee*, in a marriage contract duly executed in favor of *Nancy Loyd*, the mother of plaintiff, and in consideration of the marriage, gave to the plaintiff the negress slave *Mary ;* that on the 31st December, 1847, *William Bagley* by public act purchased the slave *Mary* from the plaintiff, then a minor, and on the 20th December, 1850, *Bagley* sold her and her child to *John J. Mortee*, tutor to his minor children *Anna Maria* and *Lucinda E. Mortee*.

The judgment was in favor of plaintiff, annulling the sales and granting hire.

The act of donation was passed before the Parish Judge, *ex officio* a Notary Public, and two witnesses. C. C. 1523. It would seem that the mother had the corporeal possession for her child, the donee; if so, the donation has full effect, though not accepted in express terms. C. C. 1528. At any rate she would seem to have had corporeal possession at the date of her sale of the slave.

It is not necessary, however, to decide these points, inasmuch as *Bagley* and *Mortee* had full knowledge that the title of the slave was supposed to be in plain·tiff. In the act of sale to *Bagley*, plaintiff was assisted by her natural mother, *Mrs. Nancy Goodbee*, and *John L. Goodbee*, the original donor of the slave to plaintiff, and it is stated therein that the slave sold is the same which plaintiff "received from the said *John L. Goodbee* and *Nancy Loyd*, her natural mother by virtue of the marriage contract of the said *John L. Goodbee* and *Mrs. Nancy Goodbee*, executed before *Jesse R. Jones*, late Parish Judge of the parish, on the thirtieth day of May, 1829, extant and of record in the Recorder's office in notarial record book B."

In the act of sale from *Bagley* to *Mortee*, tutor, it is declared, that the slave " *Mary* is the same slave that was acquired of the plaintiff by act passed before the undersigned Notary."

We are, therefore, of opinion, that defendants are estopped from questioning the title of plaintiff.

It is the common origin of the title of defendants, and they cannot successfully allege its nullity. *Squier* v. *Stockton*, 5 An. 120 ; 1 R. 369 ; 8 L. 239 ; 4 An. 249 ; Greenleaf on Evidence, §§ 22, 23, 24, 25, 26, 207, 210 ; C. C. 1528, 1533.

Judgment affirmed, with costs.